## I. E. MUSIL v. THE STATE.

No. 16048.   Delivered June 7, 1933.
Reported in 61 S. W. (2d) 1117.

The opinion states the case.

*H. L. Tooker,* of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction of possessing intoxicating liquor for purposes of sale; punishment under the habitual criminal law; imprisonment in the penitentiary for life.

We are not favored with a brief on behalf of appellant. The indictment charged that appellant on June 11, 1932, unlawfully possessed for the purpose of sale spirituous, vinous, and malt liquor capable of producing intoxication. It was further alleged that on the 26th day of September, 1923, and anterior to the presentment of this indictment this appellant was finally convicted in cause No. 935, in the district court of Runnels county, of a felony, towit, the unlawful manufacture of spirituous, vinous, and malt liquor capable of producing intoxication, the same being an offense of like character to that herein charged. It was further alleged that anterior to the presentment of this indictment, towit, on the 17th day of February, 1930, this appellant was finally convicted in cause No. 1136, in the district court of Runnels county, Texas, of the unlawful sale of liquor capable of producing intoxication, the same being an offense of like character to that charged herein. The testimony seems to support the averment of appellant's guilt on the 11th of June, 1932, and also to support the further proposition that he was convicted finally in each of the instances alleged to have occurred prior to the indictment in the instant case. The court below properly charged the jury that if they found appellant guilty in this case, and further found that he had theretofore been twice convicted of felonies of similar character, they should find him guilty and assess his punishment at confinement in the penitentiary for life. The jury so found, and the judgment and sentence are responsive to their finding. There are no bills of exception in the record, and no exceptions to the court's charge.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*